IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| FRED O. SIMPSON, | ) | |
|        Petitioner, | ) | |
| | ) | |
| v. | ) | 3:08-CV-0577-N |
| | ) | |
| MICHAEL E. NOYES, Ph. D., Director, | ) | |
| Dallas County Community Supervision and | ) | |
| Corrections Department, | ) | |
|        Respondent.[1] | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type Case: This is a *pro se* petition for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 by an individual challenging the order placing him on deferred adjudication probation.

Parties: Petitioner is a resident of Mesquite, Texas. Respondent is Michael E. Noyes, the Director of the Dallas County Community Supervision and Corrections Department. The court did not issue process in this case, pending preliminary screening. On April 17, 2008, the

---

[1] The court replaces Nathaniel Quarterman, Director of the Correctional Institutions Division of TDCJ, with Michael E. Noyes, Ph.D., Director of the Dallas County Community Supervision and Corrections Department. Director Noyes has "custody" of Petitioner pursuant to the deferred adjudication order at issue in this case.

magistrate judge issued a questionnaire to Petitioner, who filed his answers thereto on May 2, 2008.

Statement of the Case: On May 21, 2002, Petitioner pled nolo contendere to the offense of indecency with a child by contact in Criminal District Court No. 5, Dallas County, Texas, Cause No. F01-40103. (Petition (Pet.) at 1). On July 11, 2002, the trial court deferred adjudicating Petitioner guilty and imposed a ten-year period of community supervision. (*Id.*). The court of appeals affirmed the trial court's order deferring adjudication of Petitioner's guilt and placing him on community supervision. *Simpson v. State*, No. 05-02-01203-CR (Tex. App. -- Dallas, Jun. 4, 2004, not pet.). On October 18, 2004, the Texas Court of Criminal Appeals (TCCA) denied Petitioner's request to extend the time to file a petition for discretionary review (PDR). *See In re Simpson*, No. PD-1627-04.[2]

Thereafter on November 19, 2007, Petitioner filed an original application for writ of habeas corpus with the TCCA. *In re Simpson*, No. WR-68,936-01. On December 12, 2007, the TCCA denied a motion for leave to file the original application without written order. *Id.*[3]

In his federal habeas petition, filed on April 3, 2008, Petitioner alleges (1) the City of Mesquite City Council has never created the police department by ordinance as required by law, (2) the Mesquite Police Officers did not have an oath office on file, and (3) the adjudication judge, Gary Stephens, did not have a valid oath of office in Austin and had no oath of office in Dallas County.

---

[2] The docket sheet is available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=229950.

[3] The docket sheet is available at http://www.cca.courts.state.tx.us/opinions/Case.asp?FilingID=256421.

Findings and Conclusions: It is well settled that a habeas petitioner must exhaust all available state court habeas corpus remedies before a federal court will consider the merits of his claims. 28 U.S.C. § 2254(b) and (c). The exhaustion requirement is designed to "protect the state court's role in the enforcement of federal law and prevent the disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). In order to exhaust, a petitioner must "fairly present" all of his claims to the highest state court for review. *Shute v. State of Texas*, 117 F.3d 233, 237 (5th Cir. 1997); *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993); *Richardson v. Procunier*, 762 F.2d 429, 430-31 (5th Cir. 1985).

A habeas corpus petitioner, who has been granted community supervision, may satisfy that requirement by presenting both the factual and legal substance of his claims to the state district court in an application for a writ of habeas corpus pursuant to art. 11.072, Texas Code of Criminal Procedure (Vernon 2005) ("Procedure in Community Supervision Cases"). In the event the state district court denies the habeas petition under art. 11.072, the petitioner has a right to appeal to the Texas appellate courts and to petition the Texas Court of Criminal Appeals for discretionary review. *See Ex parte Villanueva*, ___ S.W.3d ___, 2008 WL 1883456, *3-4 (Tex. Crim. App. Apr. 30, 2008) (discussing filing, disposition and appeals of art. 11.072 writs).

Petitioner has not satisfied the exhaustion requirement by presenting his claims to the highest court for review. While he raised two of the claims in his direct appeal, he did not file a timely PDR with the TCCA. Moreover, he did not seek relief in accordance with the procedure set out in art. 11.072. In response to the magistrate judge's questionnaire, Petitioner confirmed filing only an original habeas corpus application, which the TCCA denied him leave to file. (*See* Answers to Questions 2-3). Since Petitioner did not properly seek available state habeas relief,

3

his grounds remain unexhausted. Accordingly, the petition for a writ of habeas corpus should be dismissed for failure to exhaust state remedies.

Alternatively, the petition should be dismissed as time barred. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief. *See* 28 U.S.C. § 2244(d). The court may raise the affirmative defense of the statute of limitations *sua sponte*. *See Kiser v. Johnson*, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, 547 U.S. 198, 209, 126 S.Ct. 1675, 1684 (2006).[4]

The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)(A)-(D).

Petitioner alleges no state-created impediment under 28 U.S.C. § 2244(d)(1)(B) that prevented him from timely raising his claims. Nor does he base his grounds on any new constitutional right under subparagraph (C). With regard to subparagraph (D), the Court

---

[4] In the questionnaire, the court advised Petitioner of the one-year statute of limitations and granted him an opportunity to explain why his case should not be barred by the limitations period or why the statute of limitations should be tolled on equitable grounds. (Question 6).

determines that the facts supporting his grounds became or could have become known prior to the date on which Petitioner's deferred adjudication probation became final. While Petitioner relies on "newly discovered evidence" (*see* answer to question 6 and brief in support of federal petition), his contention is unsupported and wholly meritless. Petitioner raised three of the grounds alleged in this petition on direct appeal. Therefore, the court calculates the one-year statute of limitations from the date his deferred adjudication probation became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A).

In *Caldwell v. Dretke*, 429 F.3d 521, 526-29 (5th Cir. 2005), *cert. denied*, 127 S.Ct. 431 (2006), the Fifth Circuit Court of Appeals held that an order of deferred adjudication probation following a plea is a final judgment for purposes of § 2244(d)(1)(A) upon the expiration of the time for seeking direct review. The Court noted that "[u]nder Texas law, a defendant must file a notice of appeal 'within 30 days after the day sentence is imposed or suspended in open court.'" *Id.* at 530 (quoting Tex. R. App. P. 26.2(a)(1)).

Applying *Caldwell*'s holding to this case, Petitioner's deferred adjudication probation became final at the very latest, for purposes of § 2244(d)(1)(A), on October 18, 2004, the date on which the TCCA denied his motion seeking an extension to file a PDR. The one-year limitations period began to run on October 19, 2004, and expired one year later on October 18, 2005. Petitioner did not file this federal habeas petition until April 3, 2008, more than two and one-half years after the limitations period expired. Although 28 U.S.C. § 2244(d)(2) tolls the limitations period during the pendency of state habeas proceedings, Petitioner's original habeas corpus

5

application was not pending in state court during the one-year period. Therefore, the petition is time barred unless the one-year period is tolled on equitable grounds.

"The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable." *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoting *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998)). In *Lawrence v. Florida*, 127 S.Ct. 1079, 1085 (2007), the Supreme Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.

Petitioner's own allegations reflect that this case does not present the type of extraordinary circumstances and due diligence required for equitable tolling. *See Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000), *reh'g granted in part*, 223 F.3d 797 (5th Cir. 2000). Petitioner delayed filing his original state habeas application by more than two years after the one-year period began to run. Petitioner's lack of due diligence did not end here. Upon receiving notice that he had been denied leave to file his original state writ had on December 12, 2007, he did not immediately file the federal petition in this case. Rather he waited for an additional 112 days before mailing the same. These delays – clearly of Petitioner's own making – do not constitute due diligence or rare and extraordinary circumstances warranting equitable tolling. It is well established that "equity is not intended for those who sleep on their rights. *Fisher v. Johnson*, 174 F.3d 714, 715 (5th Cir. 1999).

Therefore, Petitioner is not entitled to equitable tolling and his petition should be dismissed as time barred.

RECOMMENDATION:

For the foregoing reasons, it is recommended that the petition for a writ of habeas corpus be DISMISSED without prejudice for failure to exhaust state court remedies. 28 U.S.C. § 2254(b) and (c). Alternatively, the petition should be DISMISSED as time barred. *See* 28 U.S.C. § 2244(d)(1).

A copy of this recommendation will be mailed to Petitioner.

Signed this 21st day of May, 2008.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.